**U.S. DEPARTMENT OF LABOR**     Occupational Safety and Health Administration
300 – Fifth Avenue, Suite 1280
Seattle, WA 98104



**Via Electronic Mail**
July 31, 2020

Ahern Rentals Inc.
c/o Darryl J. Silvera, The Silvera Firm
17070 Dallas Parkway, Suite 100
Dallas, Texas 75248
dsilvera@silveralaw.com

Re: Ahern Rentals Inc. / Balint / 9-0050-17-059

Dear Mr. Silvera:

This is to advise you that we have completed our investigation of the above-referenced complaint filed on April 26, 2017, under the Surface Transportation Assistance Act (STAA), 49 U.S.C. §31105. In brief, the complaint alleged Mr. Balint was terminated from employment because he complained about a commercial motor vehicle that was being operated with an unsecure load.

Following an investigation by a duly-authorized investigator, the Secretary of Labor, acting through his agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region IX, finds there is reasonable cause to believe that Respondent violated STAA and issues the following findings:

### Secretary's Findings

The complaint alleged that on or about April 05, 2017, Respondent caused Complainant to suffer an adverse employment action when terminated from employment. On April 26, 2017, Complainant filed a complaint with the Secretary of Labor alleging retaliation in violation of STAA. As this complaint was filed within 180 days of the alleged adverse action, it is deemed timely.

Respondent is a person within the meaning of 1 U.S.C. §1 and 49 U.S.C. §31105. Respondent is also a commercial motor carrier within the meaning of 49 U.S.C. §31101. Respondent is engaged in transporting products on the highways via commercial motor vehicle, that is, a vehicle with a Gross Vehicle Weight Rating (GVWR) of more than 10,000lbs.

Complainant is an employee within the meaning of 49 U.S.C. §31101. In the course of his employment, Complainant directly affected commercial motor vehicle safety, in that he supervised a driver of a commercial vehicle. Though a supervisor does not normally directly affect the commercial motor vehicle (CMV) safety, in this case, Complainant's supervisor argued that Complainant was responsible for the safety of the vehicle and the driver was not.

As a result of the investigation, OSHA has determined that reasonable cause exists to believe that a violation of STAA occurred. Specifically, after evaluating all of the evidence provided by Respondent and the Complainant, OSHA finds reasonable cause to believe that Complainant's protected activity was a contributing factor in the adverse action. Complainant established that he

engaged in a protected activity by complaining about a commercial motor vehicle that was being operated with an unsecure load; that Respondent took an adverse action against Complainant when terminated; that Respondent was aware of Complainant's protected activity; and that a causal link existed between Complainant's protected activity and the adverse employment action because Complainant reported and complained to his supervisor that his subordinate was operating with an unsecure load. After the subordinate resigned, Complainant's employment was terminated and the subordinate was reinstated. Respondent has not clearly and convincingly established that it would have taken the same adverse action in the absence of Complainant's protected activity. In light of the above, OSHA issues the following preliminary order:

## ORDER

Upon receipt of this Secretary's Finding and preliminary order:

Respondent shall immediately reinstate Complainant to his former position at the rate of $28.80 per hour. Such reinstatement shall include all rights, seniority, and benefits that Complainant would have enjoyed had he never been discharged. Such reinstatement is not stayed by an objection to this order.

Respondent shall pay Complainant back pay, minus interim earnings, at the rate of $28.80 per hour, for the period April 05, 2017, until Respondent makes Complainant a bona fide offer of reinstatement. As of August 01, 2020, this amounts to $ 85,596.08

Respondent shall pay interest on the back wages and bonus in accordance with 26 U.S.C. 6621. As of August 01, 2020, this amounts to $4,986.14.

Respondent shall pay Complainant compensatory damages including mental distress in the amount of $25,000.

Respondent shall pay Complainant punitive damages in the amount of $75,000,

> Due to the manner that Respondent terminated Complainant and brought back the Subordinate Employee, who had resigned, based on past personal relationships with the manager is blatant and contradictory to public policy. In addition, the company has a history of OSHA violations, though they are spread throughout the country and not at this specific location.
>
> Respondent [nationwide] has one prior whistleblower retaliation complaint under STAA that settled (8-1700-08-002) and one under OSH Act that was dismissed.
>
> Respondent [nationwide] has 15 OSHA compliance inspections, with 27 violations and accidents including amputations and fatalities with original fines of about $71,255 reduced to $58,303 (Ex. 5.1 – 5.2). This provides evidence that Respondent would have had animosity and be alarmed when Complainant threatened to contact OSHA.

Respondent was uncooperative during the investigation:

1. Witness Manager Rosencranse was not forthcoming with his responses during his interview. He asserted he did not have memory and had little knowledge of the events and the results.
2. Witness Manager Rosencranse argued that the sole responsibility of truck and driver safety is the supervisor (Complainant) and argued against the responsibility laying with the driver (Hernandez).
3. Respondent Attorney refused to allow OSHA to interview the owner of the company, alleging that Owner Mr. Ahern had no knowledge of who Complainant is and had no knowledge of the termination. Circumstantial evidence shows that Owner Mr. Ahern may have been a material witness and has distinct knowledge of who Complainant is, to include having Complainant fly on Mr. Ahern's personal aircraft with him.
4. Respondent Attorney has repeatedly questioned the authority for OSHA to interview his client and believes the interview to be the same as a deposition. He does not accept the difference between a deposition and an investigative interview.
5. A letter from Respondents Attorney to NV OSHA states that they will no longer cooperate because the investigation has exceeded 90 days.

Respondent had replaced Complainant with the subordinate employee that was a principal to the events that occurred. The subordinate employee had resigned immediately after the event that triggered this investigation. When Complainant was terminated, the subordinate employee was [re]hired to take Complainants position. There is no evidence that the subordinate employee received any discipline for his actions.

1. The subordinate employee admitted to telling Manger Rosencranse he will return to Ahern if the Complainant was no longer there.

Respondent shall expunge Complainant's employment records of any reference to the exercise of his rights under STAA.

Respondent shall not retaliate or discriminate against Complainant in any manner for instituting or causing to be instituted any proceeding under or related to STAA.

Respondent shall post immediately in a conspicuous place in or about Respondent's facility, including in all places where notices for employees are customarily posted, including Respondent's internal web site for employees or e-mails, if respondent customarily uses one or more of these electronic methods for communicating with employees, and maintain for a period of at least 60 consecutive days from the date of posting, the attached notice to employees, to be signed by a responsible official of Respondent and the date of actual posting to be shown thereon.

Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review. Objections must be filed in writing with:

**Primary method** - via email to: OALJ-Filings@dol.gov

**Secondary method** - (if unable to file via email) via hard copy submission to:

>Chief Administrative Law Judge
>Office of Administrative Law Judges
>U.S. Department of Labor
>800 K Street NW, Suite 400 North
>Washington, D.C. 20001-8002
>Phone: (202) 693-7300
>Fax: (202) 693-7365

*With copies to*:

Stephen Balint
P.O. Box 2389
Pahrump, NV 89041
steelerpilot@gmail.com

Barbara Yee Goto
Regional Administrator
U.S. Department of Labor – OSHA
300 Fifth Avenue, Suite 1280
Seattle, WA 98104
Email: OSHA-REG09-WB@DOL.gov

In addition, please be advised that the U.S. Department of Labor does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an ALJ in which the parties are allowed an opportunity to present their evidence for the record. The ALJ who conducts the hearing will issue a decision based on the evidence and arguments presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decisions under the Act. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint.

The rules and procedures for handling cases under the STAA can be found in Title 29 of the Code of Federal Regulations, Part 1978 and may be obtained at www.whistleblowers.gov.

Sincerely,

**RYAN HIMES**
Digitally signed by RYAN HIMES
Date: 2020.07.31 12:50:19 -07'00'

Ryan Himes
Assistant Regional Administrator

cc: Darryl J. Silvera, The Silvera Firm
    Chief Administrative Law Judge, USDOL
    Federal Motor Carrier Safety Administration, USDOT