# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN J. WALSH,[1] Secretary of Labor,
United States Department of Labor,

     Plaintiff

v.

AHERN RENTALS, INC.,

     Defendant

Case No.: 2:21-cv-00441-APG-VCF

**Order Granting Motion for Preliminary Injunction and Ordering Reinstatement**

[ECF No. 2]

Secretary of Labor Martin Walsh moves for preliminary injunctive relief requiring defendant Ahern Rentals, Inc. to reinstate its former employee, Stephen Balint, to his position as a manager. The Secretary seeks to enforce the Occupational Safety and Health Administration's (OSHA) July 31, 2020 preliminary order of reinstatement. OSHA issued the order after concluding that Balint engaged in protected activity under the Surface Transportation Assistance Act of 1982 (STAA) by making a commercial motor vehicle safety complaint to his supervisor; that he was fired two days later; that his complaint was a contributing factor in his termination; and that Ahern did not establish by clear and convincing evidence that it would have fired Balint even in the absence of his complaint.

As required by the STAA, OSHA preliminarily ordered Ahern to reinstate Balint to his former position, including all rights, seniority, and benefits he would have enjoyed had he not been fired. Ahern has not complied with that order. The Secretary thus seeks an injunction forcing compliance with the preliminary reinstatement order.

---

[1] Martin J. Walsh was sworn in as the Secretary of Labor on March 23, 2021. I therefore direct the clerk of court to correct the caption to replace Milton Al Stewart with Martin J. Walsh.

Ahern opposes, arguing that the Secretary is unlikely to succeed on the merits because OSHA unreasonably delayed issuing the reinstatement order and the Secretary delayed seeking injunctive relief. Ahern argues that these delays violated its due process rights because Ahern was not able to receive the benefit of Balint's labor in the meantime yet it might have to pay Balint back wages for the entire period. Ahern also argues the substantial delay violated its right to a hearing at a meaningful time because it cannot seek an evidentiary hearing until after a preliminary order is issued, and the order was issued more than three years after Balint complained. And it contends that the reinstatement order will disrupt its interest in controlling its workforce because it hired a replacement years ago. Ahern also argues the other preliminary injunction factors do not weigh in the Secretary's favor for many of the same reasons.

I grant the Secretary's motion because the law and facts clearly favor enforcement of the reinstatement order. I therefore order Ahern to reinstate Balint's employment.

# I. ANALYSIS

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

An injunction may be prohibitory or mandatory. A "prohibitory injunction prohibits a party from taking action and preserve[s] the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79

(9th Cir. 2009) (quotation omitted).  In contrast, a "mandatory injunction orders a responsible party to take action." *Id.* (quotation omitted).  "A mandatory injunction goes well beyond simply maintaining the status quo [p]endente lite [and] is particularly disfavored." *Id.* (quotation omitted).  Generally, a court should not grant a mandatory injunction "unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quotation omitted).  A mandatory injunction "should not issue in doubtful cases." *Id.* (quotation omitted).

**A.  Likelihood of Success on the Merits**

I do not review the merits of whether Ahern violated the STAA by discharging Balint because that matter is reserved for the Secretary of Labor, with review in the Court of Appeals. *See* 49 U.S.C. §§ 31105(b)(2)(C), (d).  The parties agree[2] that my review is limited to determining whether the procedures the Secretary followed in issuing the preliminary order "satisfied due process." *Martin v. Yellow Freight Sys., Inc.*, 793 F. Supp. 461, 473 (S.D.N.Y. 1992), *aff'd*, 983 F.2d 1201 (2d Cir. 1993).

The Secretary is likely to succeed in showing that the reinstatement order should be enforced because its procedures satisfied due process.  The STAA makes it illegal for commercial motor vehicle carrier employers to retaliate against employees for complaining about "a violation of a commercial motor vehicle safety or security regulation, standard, or order." 49 U.S.C. § 31105(a)(1)(A)(i).  An employee who believes he has been subjected to retaliation may file a complaint with the Secretary within 180 days of the alleged violation. *Id.* § 31105(b)(1).  The Secretary must notify the employer of the complaint. *Id.*  The Secretary then

---

[2] ECF Nos. 2 at 5; 19 at 7-8.

must "conduct an investigation, decide whether it is reasonable to believe the complaint has merit," and notify the employer and employee of its findings.[3] *Id.* § 31105(b)(2)(A).

"If the Secretary of Labor decides it is reasonable to believe a violation occurred, the Secretary of Labor shall include with the decision findings and a preliminary order for the relief provided under paragraph (3) of this subsection." *Id.* As relevant here, paragraph (b)(3)(A)(ii) requires the Secretary to order the employer to "reinstate the complainant to the former position with the same pay and terms and privileges of employment." Section 31105(e) requires the Secretary to "bring a civil action to enforce the order" if the employer does not comply with it.

If either the employee or the employer is aggrieved by the preliminary findings or order, they may object and request a hearing. *Id.* § 31105(b)(2)(B). But the "filing of objections does not stay a reinstatement ordered in the preliminary order." *Id.* The hearing must then be conducted "expeditiously," and the Secretary must issue a decision within 120 days after the hearing ends. *Id.* § 31105(b)(2)(C).

The Supreme Court has addressed what process an employer is due before being ordered to preliminarily reinstate an employee under the STAA. *Brock v. Roadway Exp., Inc.*, 481 U.S. 252 (1987). In *Brock*, the Court held "that minimum due process for the employer in this context requires notice of the employee's allegations, notice of the substance of the relevant supporting evidence, an opportunity to submit a written response, and an opportunity to meet with the

---

[3] The statute states the Secretary "shall" conduct the investigation and issue its findings within 60 days of the complaint. *Id.* § 31105(b)(2)(A). Ahern contends that the Secretary's motion should fail because OSHA did not meet the 60-day statutory deadline for investigating the complaint and issuing its preliminary findings. This argument fails. *See Cyberworld Enter. Techs., Inc. v. Napolitano*, 602 F.3d 189, 196-200 (3d Cir. 2010); *Trans Fleet Enters., Inc. v. Boone*, 987 F.2d 1000, 1004-05 (4th Cir. 1992); *Roadway Exp., Inc. v. Dole*, 929 F.2d 1060, 1066 (5th Cir. 1991).

investigator and present statements from rebuttal witnesses." *Id.* at 264. An evidentiary hearing is not required before imposing a preliminary reinstatement order. *Id.* at 263.

Ahern does not dispute that the Secretary complied with these requirements. Balint timely complained after he was fired. ECF No. 1-2. OSHA advised Ahern of the complaint and gave it the opportunity to respond with a statement of position, a written account of the facts, and any supporting evidence. ECF No. 1-3. Additionally, Ahern was notified that it could request a meeting to present its position at which it could be accompanied by counsel and witnesses, to which Ahern responded. *Id.*; ECF No. 1-4. OSHA issued its preliminary finding that reasonable cause existed to believe Ahern violated the STAA and ordered Ahern to reinstate Balint. ECF No. 1-2.

Instead, Ahern argues that the long delay between the April 2017 complaint and the July 2020 reinstatement order, as well as the additional delay between the July 2020 reinstatement order and the Secretary's March 2021 motion for preliminary injunction, violate Ahern's due process right to be heard at a meaningful time.

"The Due Process Clause requires provision of a hearing at a meaningful time." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985) (quotation omitted); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). "At some point," delays in the process may become "so excessive as to constitute a violation of due process." *Brock*, 481 U.S. 267-68.

There was a four-month delay between when Balint complained in April 2017 and when OSHA notified Ahern of the complaint in August 2017. ECF No. 1-3. Ahern responded to OSHA's notice on September 1, 2017. ECF No. 1-4. Balint also filed a whistleblower complaint

with Nevada OSHA (NV OSHA). ECF No. 20-1 at 2. NV OSHA completed its investigation in November 2017, that decision was appealed, and the appeal decision was issued in September 2018.[4] *Id.* After that appeal was concluded, OSHA regional investigator Jared Klein requested NV OSHA's case file on Balint's complaint. *Id.* In October 2018, Klein interviewed the Ahern employee who terminated Balint. *Id.*

In January 2019, Klein sent a settlement demand to Ahern, and thereafter Klein engaged in discussions with and gave information to Ahern's counsel. *Id.* at 2-3, 6-9. In March 2019, Ahern provided a supplemental position statement to OSHA. *Id.* at 3, 11. In May and July 2019, Klein requested to interview Mr. Ahern. *Id.* Those emails went unanswered until Klein sent a written letter on July 24, 2019 and the parties communicated on July 31, 2019. *Id.* at 3, 13. Klein and Ahern's counsel thereafter engaged in further communications and OSHA provided additional information to Ahern in August 2019. *Id.* at 3, 15-18.

On May 12, 2020, OSHA notified Ahern that it had completed its initial investigation and found reasonable cause to conclude that Ahern had violated the STAA. *Id.* at 3, 20-21. Along with the May 2020 notice, OSHA provided evidence to Ahern and gave Ahern the opportunity to submit an additional written response, meet with officials, and offer additional witnesses for interviews. *Id.* In response, Ahern requested an extension of 30 business days to respond. *Id.* at 4, 25. OSHA granted the request, but for 30 calendar days, not 30 business days. *Id.* at 4. Ahern never responded. *Id.* On July 31, 2020, OSHA issued its preliminary finding that reasonable cause existed to believe Ahern violated the STAA, and OSHA ordered Ahern to reinstate Balint. ECF No. 1-2. Ahern did not reinstate Balint as ordered.

---

[4] No information is provided about when Balint filed the NV OSHA complaint, when NV OSHA informed Ahern of the complaint, what NV OSHA preliminarily concluded, who appealed, or what the result of the appeal was.

Ahern objected to the preliminary order. ECF No. 20-1 at 4.[5]  On October 13, 2020, counsel from the Office of the Solicitor for the United States, Norman Garcia, emailed Ahern's counsel regarding Ahern's failure to reinstate Balint. ECF No. 20-2 at 2, 5.  Ahern's counsel did not respond to this email, but Garcia learned that Balint and Ahern had agreed to mediate through the Office of Administrative Law Judges (OALJ). *Id.* at 2.  The OALJ signed the mediation order on November 16, 2020. *Id.* at 2, 7-8.  The mediation failed and the administrative proceedings resumed on March 8, 2021. *Id.* at 2, 10, 12-18.  Garcia thereafter contacted Ahern's attorney requesting Balint be reinstated, to which Ahern's counsel did not respond. *Id.* at 3.  As a result, the Secretary moved for injunctive relief on March 17, 2021. *Id.* at 3; ECF No. 2.

Ahern's complaint about the time period between the July 2020 reinstatement order and the motion for injunctive relief is meritless.  Ahern and Balint agreed to mediate, so the Secretary's decision not to pursue injunctive relief during this period was reasonable.  Moreover, Ahern defied the reinstatement order throughout this time.  If Ahern wanted to avoid potentially having to pay backpay to Balint without receiving the benefit of his services during this period, it could have simply complied with the order.  Given that Ahern continues to refuse to comply, any suggestion that it would have done so if only the order had issued earlier rings hollow.

As for the time period between Balint's April 2017 complaint and the July 2020 reinstatement order, Ahern was given ample due process throughout this time.  It was advised of the complaint, given a full hearing and appeal before NV OSHA, was able to present multiple

---

[5] There is no evidence before me that Ahern sought or obtained relief from the preliminary reinstatement order. *See* 29 C.F.R. § 1978.106(b) ("The respondent may file a motion with the Office of Administrative Law Judges for a stay of the Assistant Secretary's preliminary order of reinstatement, which shall be granted only based on exceptional circumstances.").

position statements, and was invited several times to meet with the investigator and provide position statements, and was invited several times to meet with the investigator and provide witnesses for interviews. Indeed, much of the time period was spent giving Ahern numerous opportunities to respond and be heard. Although there are some gaps of several months in the activity (some of which is due to Ahern's counsel's failure to respond to communications), the Secretary is likely to succeed in showing that the overall length of time is not so excessive as to violate Ahern's due process rights.

## B. Likelihood of Irreparable Harm

The Secretary argues that he need not show a likelihood of irreparable harm because he is charged with enforcing a statute that has the express purpose of preventing serious public harm. The Secretary alternatively argues that he can show a likelihood of irreparable injury because if Ahern is not compelled to reinstate Balint, Ahern will be rewarded for its failure to comply with the law and that would send the wrong message to other motor vehicle carriers and to potential whistleblowers.

Ahern responds that there is no likelihood of irreparable injury because Balint has subsequently been employed and, at any rate, loss of pay should not be considered irreparable harm. Ahern also contends that reinstatement does not support the public policy behind the STAA because OSHA waited too long to order reinstatement and Balint did not seek reinstatement in his OSHA complaint.

The Secretary has established a likelihood of irreparable injury. First, it is likely that irreparable injury is presumed in this instance. "[I]n a case involving statutory enforcement, where the applicable statute authorizes injunctive relief, the traditional irreparable injury showing is not required." *Fed. Trade Comm'n v. Consumer Def., LLC*, 926 F.3d 1208, 1214 (9th Cir. 2019). The STAA requires the Secretary to issue a reinstatement order if he makes a

preliminary finding of a violation and requires him to seek judicial enforcement of the order if there is noncompliance. 49 U.S.C. §§ 31105(b)(3)(A)(ii), (e).  Although the STAA does not specifically refer to injunctive relief, that is necessarily the form of relief that would be needed to compel compliance with a reinstatement order.

Even if the Secretary must show a likelihood of irreparable harm, he has done so here. Ahern has refused to comply with the reinstatement order.  Congress found reinstatement such an important remedy to protect whistleblowers in this context that it statutorily required the Secretary to order reinstatement upon finding a probable violation.  Allowing an employer to disregard a reinstatement order with impunity is likely to irreparably harm the Secretary's efforts in enforcing the statute and protecting whistleblowers.

**C.  Balance of Hardships/Public Interest**

The Secretary argues that Congress has already weighed the balance of hardships between protecting whistleblowers and an employer's interest in controlling its workforce by statutorily mandating reinstatement pending final administrative review.  The Secretary contends the Supreme Court in *Brock* likewise recognized the balance of hardships favors preliminary reinstatement to support the public interest in promoting highway safety through protection of whistleblowers.

Ahern responds that the balance of hardships tips in its favor because it has an interest in controlling its workforce and it hired a replacement for Balint who has been in that position since November 2018.  Ahern also contends that the public interest weighs against an injunction because any chilling effect from delayed reinstatement was caused by OSHA's delay in investigating Balint's complaint and issuing its preliminary order.

The STAA "reflects a careful balancing of the strong Congressional policy that persons reporting health and safety violations should not suffer because of this action and the need to assure that employers are provided protection from unjustified refusal by their employees to perform legitimate assigned tasks." *Brock*, 481 U.S. at 263 (quotation omitted). The statute "evidences a legislative determination that the preliminary investigation and finding of reasonable cause by the Secretary, if followed expeditiously by a hearing on the record at the employer's request, provide effective protection to the employee and ensure fair consideration of the employer's interest in making unimpaired hiring decisions." *Id.* at 258-59 (quotation omitted).

Congress thus has put its thumb on the scale in considering the balance of hardships among the employer, employee, and Secretary at the preliminary reinstatement stage. A mandate to reinstate Balint may impose some burden on Ahern and potentially the replacement employee, although Ahern does not present evidence that it could not afford to reinstate Balint or that it would be forced to fire his replacement. But the rights of an employee who was discharged in retaliation for a safety complaint are superior to the rights of someone the employer hired to take his place. *Cf. Aguayo ex rel. N.L.R.B. v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988), *overruled on other grounds by Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr.*, 19 F.3d 449 (9th Cir. 1994). The burden on the Secretary and the discharged employee outweighs the harm to Ahern. And the public interest weighs in favor of enforcing the reinstatement order to support the public policies underlying the STAA.

**E. Summary**

The Secretary has shown a likelihood of success on the merits, a likelihood of irreparable harm, and that the balance of hardships and public interest weigh in favor of enforcing the

reinstatement order. Although reinstatement constitutes mandatory injunctive relief, the facts and law clearly favor that relief in this case. Consequently, I order Ahern to reinstate Balint.

## II. CONCLUSION

I THEREFORE ORDER the clerk of court to correct the caption to replace Milton Al Stewart with Martin J. Walsh.

I FURTHER ORDER that the Secretary of Labor's motion for preliminary injunction **(ECF No. 2) is GRANTED**.

I FURTHER ORDER that by June 25, 2021, defendant Ahern Rentals, Inc. shall comply with the preliminary reinstatement order and reinstate Stephen Balint to his former position as the Pahrump Branch manager. Such reinstatement shall include all rights, seniority, and benefits that Stephen Balint would have enjoyed had he never been discharged.

DATED this 4th day of June, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE