UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON AL STEWART, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff<br><br>v.<br><br>AHERN RENTALS, INC.,<br><br>Defendant | Case No.: 2:21-cv-00441-APG-VCF<br><br>**Order Denying Motion to Stay and Motion to Reconsider**<br><br>[ECF Nos. 24, 25] |

 Secretary of Labor Martin Walsh moved for preliminary injunctive relief requiring defendant Ahern Rentals, Inc. to reinstate its former employee, Stephen Balint, to his position as a manager. The Secretary did so as a means to enforce the Occupational Safety and Health Administration's (OSHA) July 31, 2020 preliminary order of reinstatement. OSHA issued the order after concluding that Balint engaged in protected activity under the Surface Transportation Assistance Act of 1982 (STAA) because he made a commercial motor vehicle safety complaint to his supervisor, he was fired two days later, his complaint was a contributing factor in his termination, and Ahern did not establish by clear and convincing evidence that it would have fired Balint in the absence of his complaint.

 As required by the STAA, OSHA preliminarily ordered Ahern to reinstate Balint to his former position, including all rights, seniority, and benefits he would have enjoyed had he not been fired. Ahern did not comply with that order. The Secretary thus sought an injunction forcing compliance with the preliminary reinstatement order.

 I granted the Secretary's motion because the Secretary showed he was likely to succeed on the merits, which in this context means that the Secretary was likely to succeed in showing

that the procedures the Secretary followed in issuing the preliminary reinstatement order satisfied due process. ECF No. 23 at 3-8. I also concluded that the Secretary had shown a likelihood of irreparable injury, that the balance of hardships tips in his favor, and that the public interest favored injunctive relief in the form of enforcing the reinstatement order. *Id.* at 8-11.

Ahern now moves to stay and for reconsideration of the preliminary injunction. The Secretary opposes both motions. I deny the motions because Ahern has not shown a basis to stay or reconsider.

## I. MOTION TO STAY (ECF No. 24)

To determine whether to stay an injunction order, I consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (quotation omitted). Rather, a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Id.* (quotation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.*

I deny Ahern's motion to stay because Ahern has not shown a stay is warranted. First, Ahern contends it is likely to succeed on the merits because Nevada OSHA (NVOSHA) determined that Balint was not discharged for filing a complaint. ECF No. 24 at 4. But this argument misses the mark. The question here is not whether Ahern will ultimately prevail in the administrative proceedings. Rather, the question before this court is whether the Secretary afforded Ahern due process. *See* ECF No. 23 at 3. Moreover, Ahern misrepresents NVOSHA's

finding. NVOSHA found no violation of Nevada law and instead determined that a "review of the evidence in this case demonstrated that the case fell under the Surface Transportation Assistance Act (STAA)" and jurisdiction to enforce that Act lies with "Federal OSHA." ECF No. 24-3 at 2. NVOSHA thus dismissed the case because "Nevada OSHA has no jurisdiction in the matter." *Id.*

Next, Ahern contends that if it has to reinstate Balint, then it will have to demote, transfer, or terminate the employee who replaced him. ECF No. 24 at 5. I already addressed this argument, and I see no reason to reconsider my analysis. ECF No. 23 at 9-10. Ahern contends that it should not have to reinstate Balint because he had performance issues. ECF No. 24 at 5. Ahern could and should have raised that issue and the new evidence previously, but even if I considered the new evidence and argument, I do not find that changes the balance of hardships.

Ahern next argues that a stay will not injure Balint. Balint is not the adverse party in this case, the Secretary is. I already explained why the Secretary is likely to suffer irreparable injury and nothing Ahern presents causes me to reconsider that conclusion. ECF No. 23 at 9-10.

Finally, Ahern argues that the public interest supports expeditious investigations, not ones that take as long as this one. ECF No. 24 at 6-7. I previously addressed the length of time of this investigation, including the many opportunities that Ahern was given to present its side of the case. ECF No. 23 at 3-8.

Ahern has not met its burden of showing that any of the factors warrant exercising my discretion to stay the preliminary injunction. I therefore deny the motion.

## II. MOTION TO RECONSIDER (ECF No. 25)

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction.

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**A. Evidentiary Hearing**

Ahern requests I reconsider my preliminary injunction order because I did not hold an evidentiary hearing before entering the order. Ahern contends that had it been granted an evidentiary hearing, it would have presented evidence that the reason OSHA issued the reinstatement order was because Ahern refused to allow an interview of its owner, Don Ahern. Ahern asserts that by "issuing the Preliminary Injunction without notice to AHERN, AHERN was denied the opportunity to present testimony regarding how its due process rights were violated by Plaintiff." ECF No. 25 at 4. The Secretary responds that an evidentiary hearing is not required, Ahern never requested one, and Ahern had ample opportunity to respond in its brief.

There is no requirement that I hold an evidentiary hearing before issuing a preliminary injunction. *See Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547,

555 (9th Cir. 1986); LR 78-1 ("All motions may be considered and decided with or without a hearing."). Ahern never requested an evidentiary hearing. *See* LR 7-2(e); 78-1. Nor did it even assert the present argument that the reinstatement order was issued because Ahern refused to allow its owner to be interviewed. Ahern did not present evidence to support that assertion, either in its response to the preliminary injunction motion or in its present motion. Ahern does not explain why it could not have presented evidence in the form of documents or affidavits with its response to the Secretary's motion. Unsupported assertions raised for the first time on reconsideration do not demonstrate the need for an evidentiary hearing. I therefore deny Ahern's request for reconsideration based on the lack of an evidentiary hearing.

### B. Joinder of Balint

Ahern argues that Balint must be joined because the preliminary injunction requires Ahern to reinstate Balint, but it does not require Balint to report for work and fulfill his obligations as an Ahern employee. Ahern contends that even though Balint's lawyer knows about the preliminary injunction, neither Balint nor his representative has attempted to coordinate the reinstatement with Ahern. The Secretary disputes that Balint is necessary because his interests are adequately aligned with the Secretary's such that joinder is not required.

In deciding whether a party is indispensable under Rule 19, I "must determine: (1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in equity and good conscience the suit should be dismissed." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002) (quotation omitted). Under the first inquiry, joinder of Balint is necessary "if either: (1) the court cannot accord complete relief among existing parties in [Balint's] absence, or (2) proceeding with the suit in its absence will impair or impede [Balint's]

ability to protect a claimed legal interest relating to the subject of the action, or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (quotation omitted). I need not address whether Balint is indispensable if he is not necessary. *Id.*

Balint's joinder is not required. Complete relief can be accorded as between Ahern and the Secretary because the only issue before the court is whether Ahern must comply with the preliminary reinstatement order. Ahern argues Balint must be joined because he is required to take action under the preliminary injunction. However, that is incorrect. I ordered Ahern to reinstate Balint. I did not order Balint to work for Ahern if he does not want to do so. If Balint refuses to become reemployed, Ahern has done all it was required to do by reinstating him and it can move for the injunction to be lifted if Balint refuses to resume employment with Ahern.[1] Balint thus is not necessary under Rule 19(a)(1)(A).

Balint also is not necessary under Rule 19(a)(1)(B) because his ability to protect his interests will not be impaired by his absence from the suit where his interest is being adequately represented by the Secretary. *Id.* at 1127. There is no evidence or argument that Balint's interests in the limited scope of this suit are not aligned with the Secretary's. And there is no suggestion that Ahern may be subject to a substantial risk of inconsistent or double obligations if Balint is not joined. I therefore deny Ahern's motion for reconsideration on this basis.

**C. Exceeds Jurisdiction**

Ahern contends that I exceeded my authority to the extent the preliminary injunction requires Ahern to comply with parts of the reinstatement order that direct Ahern to pay Balint

---

[1] Ahern contends Balint's counsel is aware of the preliminary injunction but has not attempted to coordinate with Ahern to facilitate reinstatement. ECF No. 25 at 5. The obligation to reinstate lies with Ahern, not Balint. Ahern does not explain what steps it has taken to reinstate Balint.

back pay, interest on back pay, compensatory damages, and punitive damages.  Because I ordered nothing other than reinstatement, this argument is meritless.

### D. Altered the Status Quo

Ahern contends the preliminary injunction altered the status quo because the status quo was that Balint was working at other companies in between the time Ahern fired him and the preliminary injunction.[2]  Ahern is incorrect.  The relevant status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)).  The status quo before the alleged STAA violation was that Balint was employed as Ahern's Pahrump branch manager.

### E. Summary

Ahern has presented no basis for me to reconsider the preliminary injunction.  I deny its motion.

## III. CONCLUSION

I THEREFORE ORDER that defendant Ahern Rentals, Inc.'s motion to stay **(ECF No. 24)** and motion for reconsideration **(ECF No. 25) are DENIED**.

DATED this 22nd day of July, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] Ahern also repeats its argument from its stay motion that the injunction is irreparably harming it.  I have already rejected this argument.